**FILED**

JUL 2 3 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MARCO ZOMPHIER, | ) | 4:25CR389-HEA/NCC |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

    (b) "sexually explicit conduct" to mean actual or simulated

      (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex,

      (ii) bestiality,

      (iii) masturbation,

      (iv) sadistic or masochistic abuse, or

      (v) lascivious exhibition of the anus, genitals, or pubic area of any person

    (18 U.S.C. § 2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6)).

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

>(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

>(C) such visual depiction has been created, adapted, or modified to appear that an

identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about November 1, 2012, and on or about June 1, 2013, in the Eastern District of Missouri,

**MARCO ZOMPHIER,**

the defendant herein, did use any facility or means of interstate or foreign commerce, to knowingly persuade, induce, entice, and coerce "Victim 1," a minor, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to the criminal offenses of statutory sodomy and child molestation, in violation of 18 U.S.C. § 2422(b).

## COUNT II

The Grand Jury further charges that:

4. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5. Between on or about January 1, 2022, and on or about September 30, 2022, in the Eastern District of Missouri,

**MARCO ZOMPHIER,**

the defendant herein, did use any facility or means of interstate or foreign commerce, to knowingly persuade, induce, entice, and coerce "Victim 2," a minor, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to the criminal offenses of statutory rape, statutory sodomy, child molestation, and sexual exploitation of a minor, in violation of 18 U.S.C. § 2422(b).

## COUNT III

The Grand Jury further charges that:

6. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

7. Between on or about January 1, 2022, and on or about September 30, 2022, in the Eastern District of Missouri,

**MARCO ZOMPHIER,**

the defendant herein, did knowingly travel in interstate commerce with the intent to engage in illicit sexual conduct with another person, to wit: the defendant knowingly traveled from the

State of Illinois to the State of Missouri with the intent to engage in one or more sexual acts with "Victim 2," a minor, in violation of 18 U.S.C. § 2423(b).

## COUNT IV

The Grand Jury further charges that:

8.   The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

9.   Between on or about January 1, 2022, and on or about September 30, 2022, in the Eastern District of Missouri,

**MARCO ZOMPHIER,**

the defendant herein, did knowingly employ, use, persuade, induce, entice and coerce "Victim 2," a minor, to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, and such depictions were produced or transmitted using materials that were mailed, shipped or transported and transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.   Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(a) and 2252A(a)(2), as set forth in Count IV of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual

depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

A TRUE BILL.

_____

FOREPERSON

MATTHEW T. DRAKE
Acting United States Attorney

_____

MICHAEL K. HAYES, #61395 MO
Assistant United States Attorney